GANDÍA, DEMANDANTE Y APELADO, *v.* STUBBE, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre nulidad de contrato. (Traslado de causa.)

No. 2311.—Resuelto en marzo 11, 1921.

TRASLADO DEL PLEITO—INHIBICIONES DE LOS JUECES—CAPACIDAD DEL JUEZ.— Es impropio de la corrección de los actos de un fiscal el que éste ofrezca a un acusado el sobreseimiento del proceso y de otros análogos pendientes en delitos de falsificación, a condición de que transe pleitos en los cuales ha sido demandado por los mismos hechos que originaron las acusaciones; pero no siendo necesariamente tal conducta demostrativa del interés a que se refiere el artículo 23 del Código de Enjuiciamiento Civil, no incapacita a la persona que actuó como fiscal para actuar como juez en dichos pleitos y no es por tanto motivo suficiente para el traslado de éstos a otra corte.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. Coll Cuchí.*

Abogado del apelado: *Sr. José de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En el pleito donde se ha establecido esta apelación por

Johann D. Stubbe por la negativa de la Corte de Distrito
de San Juan, Sección Primera, a trasladarlo a otro tribunal
se adujeron como motivos de incapacidad para que el Juez
Sr. Campillo actúe en él los mismos hechos que en el pleito
entre las mismas partes cuya apelación No. 2284 hemos re-
suelto ayer; pero, además, en una declaración jurada del
abogado del apelante Stubbe se consignaron otros hechos, a
saber: que celebrándose el juicio en una de las acusaciones
criminales contra Arturo Trías, coacusado de Johann D.
Stubbe, en el que actuaba como fiscal el Sr. Campillo, a me-
diados del juicio fué suspendido y entonces en el despacho
del Juez Sr. Rossy dicho fiscal ofreció al abogado de Stubbe
que sobreseería todas las acusaciones criminales contra él
si transigía sus pleitos con Pedro Gandía Córdova y que
aceptada por Stubbe la oferta con cierta condición que no
fué aceptada por el abogado de Gandía, quien pretendía que
su contrario confesara todas las demandas civiles, el Fiscal
Campillo reanudó el juicio suspendido; y que el actual Juez
Sr. Campillo está vivamente interesado, personalmente, no
sólo en que Stubbe pierda los litigios civiles sino también en
que fuera condenado en las acusaciones criminales, habiendo
usado de su influencia personal en muchas ocasiones para
obtener una condena contra Stubbe.

Si bien entiende esta corte que de ser cierto el ofreci-
miento del Fiscal Sr. Campillo al abogado de Stubbe de
sobreseer las causas criminales que contra su representado
seguía por delitos de falsificación si transaba sus pleitos con
Gandía revelaría un proceder impropio de la corrección de
los actos de un fiscal, sin embargo tal conducta no demuestra
necesariamente que tenga interés personal en contra de
Stubbe ni que ejerciera coerción alguna para obligarlo a
transar sus pleitos con Gandía sino simplemente que estaba
dispuesto a sobreseer dichas acusaciones si eran transados
los pleitos que tenían por base los mismos hechos de las
acusaciones.   En cuanto al otro extremo de la declaración

jurada no se consigna en ella hecho alguno que lleve a la conclusión expresada por el declarante que el Juez Sr. Campillo tiene interés personal en que Stubbe pierda los pleitos, pues aunque se manifiesta que en muchas ocasiones ha usado de su influencia personal para obtener condena contra Stubbe tampoco se consignan los actos ejecutados por el Sr. Campillo de los cuales podamos inferir que efectivamente usó de su influencia personal para obtener condena contra Stubbe.

En vista de lo expuesto esta apelación ha de regirse por los principios consignados en la opinión de esta corte al resolver la apelación No. 2284 que decidimos ayer.

La resolución apelada debe ser confirmada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.